**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

LARRY V. BISHINS,

        **Plaintiff,**

v.                                   **Case No: 6:25-cv-907-PGB-RMN**

UNITED STATES SECRETARY
OF HEALTH AND HUMAN
SERVICES,

        **Defendant.**

_____/

## <u>ORDER</u>

This cause comes before the Court on the following filings:

1.    Defendant United States Secretary of Health and Human Services' ("**Defendant**") Motion to Dismiss Plaintiff Larry V. Bishins' ("**Plaintiff**") Second Amended Complaint (Doc. 23 (the "**Motion to Dismiss**")), and Plaintiff's Response to the Motion to Dismiss (Doc. 25 (the "**Response**"));

2.    Plaintiff's Second Motion to File Supplemental Pleading Third Amended Complaint (Doc. 35 (the "**Third Motion to Amend**"));

3.    Magistrate Judge Robert M. Norway's Report and Recommendation filed on December 5, 2025 (Doc. 43 (the "**Report**")), and Plaintiff's Objection to the Report and Recommendation (Doc. 44 (the "**Objection to Report**")); and

4.  Plaintiff's Objection to the Magistrate Judge's December 26, 2025 Order (Doc. 47 (the "**Objection to Order**")).

Upon consideration, the Third Motion to Amend is due to be denied; the Motion to Dismiss is due to be granted; the Objection to Report is due to be sustained in part and overruled in part; the Report is due to be adopted in part, modified in part, and rejected in part; and the Objection to Order is due to be overruled.

## I.   BACKGROUND

### A.   The Second Amended Complaint and Plaintiff's Prior Related Action

While the operative Second Amended Complaint (Doc. 15 (the "**SAC**")) is not a model of clarity, the Court will endeavor to set forth its most pertinent allegations. Therein, Plaintiff, an attorney appearing *pro se* in this action, alleges that he is entitled to Medicare coverage for Continuous Positive Airway Pressure ("**CPAP**") equipment and supplies (the "**CPAP equipment**"), which are used to treat his obstructive sleep apnea. (*See generally id.*). Plaintiff was diagnosed with this condition in 2014, and Defendant initially covered Plaintiff's CPAP equipment. (*Id.* ¶¶ 9–11, 30). However, Plaintiff asserts that, at an unknown time, Defendant audited the supplier of Plaintiff's CPAP equipment and determined that its file for Plaintiff was deficient. (*Id.* ¶ 37). As a result, Plaintiff avers he was placed in "denied status," which eventually, in 2020, resulted in Medicare refusing to pay for Plaintiff's CPAP equipment. (*E.g.*, *id.* ¶ 66).

In the SAC, Plaintiff details various actions he undertook to seek review and reconsideration of Defendant's decision to place him in "denied status" and to furnish the relevant documentation for his file. (*Id.* ¶¶ 80–87, 94–144). Plaintiff further avers that he has not been afforded a hearing regarding this decision. (*E.g.*, *id.* ¶ 145). Plaintiff thus brings two causes of action against Defendant. (*Id.* ¶¶ 159–71). In Count I, Plaintiff asserts Defendant has violated the Due Process Clauses of the Fifth and Fourteenth Amendments in depriving Plaintiff of his property right in his Medicare benefits for his CPAP equipment. (*Id.* ¶¶ 159–62). As relief, Plaintiff asks the Court to issue orders "reinstat[ing] Plaintiff's Medicare Benefits" and requiring Defendant to "remove Plaintiff from 'denied status' . . . ." (*Id.* ¶ 162). Relatedly, in Count II, Plaintiff seeks mandamus relief, asking the Court to require Defendant to "comply with Defendant's duty to pay for Plaintiff's" CPAP equipment. (*Id.* ¶¶ 163–71). Despite such language, in the SAC, Plaintiff states that he does not seek monetary damages but instead seeks only equitable relief. (*E.g.*, *id.* ¶ 142).

The Court pauses to note this is not Plaintiff's first lawsuit in this District based upon these operative facts, including Plaintiff's purported placement in "denied status" by Defendant. In 2023, Plaintiff brought such a suit wherein he alleged several causes of action against Defendant and sought equitable relief (the "**First Suit**"). *See Bishins v. U.S. Sec'y of Health & Hum. Servs.*, No. 6:23-cv-614-DCI, 2023 WL 8806198, at *1 (M.D. Fla. Dec. 20, 2023). Ultimately, Magistrate

Judge Daniel C. Irick dismissed Plaintiff's second amended complaint in the First Suit without leave to replead. *Id.* at *1–*4.

On appeal, the Eleventh Circuit affirmed. *Bishins v. U.S. Sec'y of Health & Hum. Servs.*, No. 24-10008, 2025 WL 2080887, at *1–*9 (11th Cir. July 24, 2025) (per curiam) (the "**Appeal**"). In relevant part, the Eleventh Circuit explained that "42 U.S.C. § 405(g) is the exclusive source of federal court jurisdiction over Medicare matters, whether for equitable or monetary claims." *Id.* at *3. That provision, as incorporated for Medicare actions by 42 U.S.C. § 1395ff(b)(1)(A), states that an individual may only seek judicial review of an adverse Medicare claim determination after a "final decision of the Secretary made after a final hearing to which [the individual] was a party . . . ." Further, as the Eleventh Circuit explained, "the Supreme Court has held that § 405(g) consists of two elements, a nonwaivable requirement that a claim for benefits must be presented to the Secretary [(the "**presentment requirement**")] and a waivable requirement that the claimant fully pursue all administrative remedies." *Id.* at *5 (citing *Heckler v. Ringer*, 466 U.S. 602, 617 (1984)).

In the Appeal, the Eleventh Circuit did not address whether Plaintiff had met the nonwaivable presentment requirement but found that Plaintiff clearly could not have met the waivable requirement by pursuing all administrative remedies. *Id.* It described the Medicare claims review process that applied to Plaintiff's claims as being comprised of the following six steps:

> (1) the beneficiary submits his claim to a local contractor for an "initial determination," (2) he may request a re-

> determination by the administrative contractor if he is dissatisfied by the initial determination, (3) he may further appeal to a [Qualified Independent Contractor ("**QIC**")] for reconsideration, (4) he may request a hearing and review of the reconsideration determination by an [Administrative Law Judge ("**ALJ**")], (5) he may appeal an unfavorable ALJ decision to the [Medicare Appeals Council ("**MAC**")], and (6) he may seek judicial review in federal court if he is unsatisfied with the MAC decision or if the MAC does not render a decision within 90 days of the request for review.

*Id.* (citations omitted). The court went on to explain that, "[g]enerally, until a claimant exhausts administrative remedies by going through the agency appeals process, federal courts have no subject matter jurisdiction over claims arising out of the Medicare Act." *Id.* (citing *Cochran v. U.S. Health Care Fin. Admin.*, 291 F.3d 775, 779 (11th Cir. 2002)). The court noted that, while Plaintiff had received an unfavorable ALJ decision as to his claim and appealed it to the MAC, he had not yet received the MAC's decision on the appeal. *Id.* It also cited that, "[i]nstead of pursuing the administrative remedies established by statute and regulations, Bishins sent multiple grievance and appeal letters" to other parties and entities, "which did not constitute appropriate administrative appeals." *Id.* The court thus affirmed Magistrate Judge Irick's dismissal of the relevant claims without leave to replead for lack of subject matter jurisdiction. *Id.* at *6.

With this context, the Court returns to the operative SAC. Therein, Plaintiff asserts he has now exhausted his administrative remedies as to his claims for equitable relief. (*E.g.*, Doc. 15, ¶¶ 4–5). Many of the relevant allegations appear to reassert the "multiple grievance and appeal letters" that the Eleventh Circuit found improper in the Appeal. (*See generally id.* ¶¶ 80–87, 94–144). It is also apparent

that Plaintiff did not complete all six of the steps required by the Medicare claims review process as described by the Eleventh Circuit in the Appeal. (*E.g.*, *id.* ¶ 141). Ultimately, however, consistent with the Eleventh Circuit's description of the posture of the First Suit at the time of the Appeal, Plaintiff avers that he filed a request for a hearing before an ALJ, which the ALJ dismissed. (*Id.* ¶¶ 109, 139). Further, Plaintiff alleges the MAC has now issued a ruling affirming the ALJ's decision (the "**MAC Decision**"). (*Id.* ¶¶ 140–41). Therein, the MAC noted the ALJ's finding that "the record does not contain a MAC redetermination [and] no QIC reconsideration decisions or orders in the record" and found that "the ALJ properly dismissed appellant's hearing request."[1] (*Id.* ¶ 141).

Finally, Plaintiff describes additional relevant details in the SAC. Plaintiff avers that, on August 1, 2022, Plaintiff received an email from a Mr. Bret Chambers ("**Mr. Chambers**") in response to a grievance letter he had previously submitted to the Centers for Medicare and Medicaid Services regarding his "denied status" and demand for a hearing. (*Id.* ¶¶ 132, 135). Mr. Chambers explained to Plaintiff the reasons he was placed in "denied status," and advised that "[t]he next step that Mr. Bishins can take towards obtaining Medicare coverage is to have a claim submitted for the items he is seeking coverage for" and that, "[i]f the claim is denied, it will have new appeal rights." (*Id.* ¶ 135). Of note, the SAC later describes an instance wherein Plaintiff's CPAP supplier filed a claim with Medicare for

---

[1]   Although Plaintiff purports to attach a variety of exhibits to the SAC, including the MAC Decision, no such exhibits are attached. (*See generally* Doc. 15). In any event, Plaintiff sets forth relevant language from the MAC Decision in his allegations. (*Id.* ¶ 141).

service provided on January 26, 2024 as to specified CPAP equipment (the "**2024 Claim**"). (*Id.* ¶ 149). Defendant initially denied the 2024 Claim. (*Id.*). However, the steps of the Medicare claims review process were followed, ultimately resulting in Defendant's QIC reaching a decision in Plaintiff's favor. (*Id.* ¶¶ 151–55).

## B.     The Motion to Dismiss and Response

In time, Defendant filed the Motion to Dismiss the SAC pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 23). In relevant part, Defendant argued that the Court lacks subject matter jurisdiction over this action. (*Id.* at pp. 3–9). Defendant contended that, aside from the 2024 Claim— which resulted in a favorable decision for Plaintiff—Plaintiff "failed to avail himself of Medicare's appeal system in a proper and timely fashion." (*Id.* at p. 10). Moreover, Defendant argued Plaintiff has not met the jurisdictional prerequisites of § 405(g) as Plaintiff has not obtained "a 'final decision'" that was "made after a hearing to which [Plaintiff] was a party." (*Id.* at pp. 3, 6–7). Further, to the extent Plaintiff sought future relief, Defendant argued that "there is no basis in Medicare law for that proposition." (*Id.* at p. 8).

On August 29, 2025, Plaintiff filed the Response. (Doc. 25). Therein, the bulk of Plaintiff's arguments focused on his contention that he had now exhausted his administrative remedies. (*Id.* at pp. 4–18). In sum, on this issue, Plaintiff argued that the equitable nature of his claim prevented him from meeting several of the steps required by the Medicare claims review process and noted that he had requested, but had not been permitted, a hearing. (*Id.* at pp. 9–12). Moreover,

following the Appeal, Plaintiff had received the MAC decision, which he argued was a final decision for the purposes of § 405(g). (*E.g.*, *id.* at pp. 5–7). Plaintiff thus asserted the Court has subject matter jurisdiction over this action. (*See id.*).

## C.     The Third Motion to Amend

On September 17, 2025, Plaintiff filed his Third Motion to Amend the SAC.[2] (Doc. 35). In this iteration of the proposed third amended complaint, Plaintiff sought to bring causes of action for: a declaratory judgment that Defendant was violating Plaintiff's due process rights under the Fifth and Fourteenth Amendments (Count I); a declaratory judgment that provisions of 42 U.S.C. § 1395ff(b)(1) are unconstitutional (Count II); injunctive relief (Count III); and mandamus relief (Count IV). (*Id.* at pp. 63–78).

## D.     The Report

On December 5, 2025, the Magistrate Judge issued the Report addressing both the Motion to Dismiss and Third Motion to Amend. (Doc. 43). Therein, the Magistrate Judge found that the only possible sources for the Court's subject matter jurisdiction over the SAC were the Medicare Act or through the Court's mandamus jurisdiction. (*Id.* at pp. 7–14). However, the Magistrate Judge determined that Plaintiff could not proceed under the Medicare Act as Plaintiff had not exhausted his administrative remedies. (*Id.* at pp. 11–12). Specifically, the

---

[2]   Plaintiff had filed an initial motion to amend the SAC (Doc. 18 (the "**First Motion to Amend**")) on August 12, 2025, which was denied by the Magistrate Judge for violating the Local Rules. (Doc. 26). Then, Plaintiff filed a second motion to amend the SAC (Doc. 27 (the "**Second Motion to Amend**")) on September 4, 2025, which he later withdrew. (Doc. 34). Neither the First Motion to Amend nor Second Motion to Amend are before the Court.

8

Magistrate Judge noted Plaintiff had "chosen to frame his claims in a way that avoids tying them to a particular administrative claim for benefits or grievance," but explained this "does not absolve him from" administrative exhaustion. (*Id.* at p. 11). Relatedly, the Magistrate Judge found that Plaintiff was required "to tie his claim to a particular final determination and show he exhausted the required administrative procedures." (*Id.*). Thus, the Magistrate Judge recommended dismissal as to Plaintiff's claims—except to the extent they were brought under the Court's mandamus jurisdiction—for lack of subject matter jurisdiction. (*Id.* at p. 14). However, the Magistrate Judge ultimately found that the Court also lacks mandamus jurisdiction over Plaintiff's claims.[3] (*Id.* at pp. 14–15).

Finally, the Magistrate Judge recommended that the Court deny Plaintiff's Third Motion to Amend and dismiss the SAC with prejudice. (*Id.* at pp. 15–17). The Magistrate Judge noted that, although Plaintiff is appearing *pro se* in this matter, he is a longtime licensed attorney. (*Id.* at p. 15). The Magistrate Judge thus "s[aw] no reason to give a skilled attorney a fourth opportunity to plead a claim he could have asserted previously but did not," particularly considering that Plaintiff had earlier filed a related action. (*Id.* at p. 16). Lastly, the Magistrate Judge determined the amendment was futile, as Plaintiff could not plead around the defects identified in the Report. (*Id.*).

---

[3] The Court does not address this finding herein as it is not referenced in the Objection to Report. (Doc. 44). In any event, the Court notes its agreement with the Magistrate Judge's finding.

### E.    Plaintiff's Objection to Report

In due course, Plaintiff filed the Objection to Report. (Doc. 44). Therein, Plaintiff again argues that the allegations in the SAC demonstrate that he exhausted his administrative remedies as to his claims. (*Id.* at pp. 1–9). In particular, Plaintiff reiterates his position that the MAC Decision constitutes final agency action such that this Court has subject matter jurisdiction under § 405(g). (*Id.* at p. 2). Finally, Plaintiff also asserts that the Magistrate Judge erred by recommending denial of the Third Motion to Amend and dismissal of the SAC with prejudice. (*Id.* at pp. 3–4). Plaintiff argues that amendment would not be futile, as Plaintiff can "plead that he has exhausted administrative remedies and can pray for relief" under § 405(g). (*Id.* at p. 4). Plaintiff further asserts that the Court should freely grant leave to allow such amendment regardless of his status as a lawyer. (*Id.* at pp. 5–7). Yet, in the Objection to Report, Plaintiff also indicates that he may once again seek to change the proposed amendments to the SAC.[4]

### F.    The Fourth Motion to Amend, the Magistrate Judge Order, and the Objection to Order

As foreshadowed in the Objection to Report, on December 22, 2025, Plaintiff filed another motion to amend the SAC. (Doc. 45 (the "**Fourth Motion to Amend**")). Therein, although Plaintiff purported to seek permission to file a one

---

[4]    In the Objection to Report, Plaintiff offers that he "may also like to file a count for relief pursuant to 42 U.S.C. § 1395ff," that he "may still want to pursue violations of his constitutional right to due process," and that the proposed third amended complaint's "prayer for relief should have been pled pursuant to . . . 42 U.S.C. §[ ]405(g)." (Doc. 44, pp. 4–5).

count complaint, the newly proposed third amended complaint does not appear to contain any counts. (*See generally id.* at pp. 10–32). In any event, in the proposed pleading, Plaintiff asked that the Court "enter . . . a judgment modifying or reversing the" MAC decision "with or without remanding the cause for a rehearing." (*Id.* at pp. 31–32). On December 26, 2025, the Magistrate Judge denied the Fourth Motion to Amend through an Endorsed Order, noting that the Report and Objection to Report were "pending before the District Court." (Doc. 46 (the "**Magistrate Judge Order**")).

The next day, Plaintiff filed the Objection to Order pursuant to Federal Rule of Civil Procedure 72(a). (Doc. 47). In the Objection to Order, Plaintiff essentially restates the same arguments Plaintiff has made in his various other filings, also adding that "[j]ust because [the] Magistrate [Judge] made a recommendation for the Court to dismiss the above captioned matter with prejudice is not a legal reason for the Magistrate [Judge] to deny Plaintiff's Motion to Amend." (*Id.* at p. 5).

## II.   STANDARD OF REVIEW

### A.   Report and Recommendation

When a party objects to a magistrate judge's findings, the district court must "make a *de novo* determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court must consider the record and factual issues independent of the magistrate judge's report, as *de novo* review is essential to the constitutionality of § 636. *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

11

That said, "a party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with. *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009) (citation omitted). "Frivolous, conclusive, or general objections need not be considered by the district court." *Id.* Moreover, "[o]bjections that . . . simply rehash or reiterate the original briefs to the magistrate judge are not entitled to *de novo* review." *Fibertex Corp. v. New Concepts Distribs. Int'l, LLC*, No. 20-20720-Civ-Scola, 2021 WL 302645, at *2 (S.D. Fla. Jan. 29, 2021). "These kinds of objections are instead reviewed for clear error." *Id.* (citing *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006)).[5] Upon review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## B.   Federal Rule of Civil Procedure 72(a)

Federal Rule of Civil Procedure 72(a) authorizes a district court reviewing a litigant's objection to a magistrate judge's non-dispositive order to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); *see also Howard v. Hartford Life & Accident Ins. Co.*, 769 F. Supp. 2d 1366, 1372 (M.D. Fla. 2011). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d 1255, 1260 (M.D. Fla.

---

[5] "Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive." *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018).

2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (internal quotations omitted).

### III.   DISCUSSION

To begin, Plaintiff's objections pertaining to the Magistrate Judge's dismissal of his claims for lack of subject matter jurisdiction are simply an attempt to relitigate arguments raised in Plaintiff's Response. (*Compare* Doc. 25, *with* Doc. 44). Simply put, Plaintiff uses the Objection to Report to rehash his arguments as to administrative exhaustion of his claims under § 405(g). *See Hall v. Sargeant*, No. 18-CV-80748, 2018 WL 6019221, at *1 (S.D. Fla. Nov. 16, 2018) ("It is improper for an objecting party to . . . submit papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge." (quoting *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012))). As a result, this objection is reviewed only for clear error. *Fibertex Corp.*, 2021 WL 302645, at *2.

In fairness to Plaintiff, however, the Report does not directly identify the steps towards administrative exhaustion that were not taken by Plaintiff so as to doom Plaintiff's claim.[6] By way of example, the Report does not overtly grapple

---

[6]   Yet, in fairness to the Magistrate Judge, although his assessment of this issue was brief, such brevity is understandable given that Plaintiff pleaded multiple potential bases for subject matter jurisdiction, each of which the Magistrate Judge was required to consider. (*See* Doc. 43, pp. 7–14).

with Plaintiff's argument that the MAC Decision constitutes a final decision of the Secretary under § 405(g) or that Plaintiff's inability to obtain a hearing excuses compliance with the hearing requirement.[7] Instead, the Report focuses on the fact that Plaintiff has "chosen to frame his claims in a way that avoids tying them to a particular administrative claim for benefits or grievance," and broadly explains this framing "does not absolve him from" administrative exhaustion. (Doc. 43, p. 11). Because the Report provides only a limited explanation of its reasoning on this point, the Court undertakes its own analysis. That analysis nevertheless supports the Magistrate Judge's conclusion.

As Defendant identified in the Motion to Dismiss, in essence, the relief Plaintiff seeks is an assurance that future claims for his CPAP equipment will not be denied by Defendant. (Doc. 15, ¶¶ 162, 171). Indeed, in the Appeal, the Eleventh Circuit noted that Plaintiff was "fundamentally . . . seeking monetary relief—

---

[7]   The Court notes that such assertions are not wholly devoid of legal support. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1237–39 (11th Cir. 1983) (holding that a denial of request for review by the MAC that is not made on the merits and is made without a MAC hearing can, at least under certain circumstances, constitute a "final decision" under § 405(g)); *Macheski v. Leavitt*, No. 4:06-CV-85 (CDL), 2007 WL 2710466, at *3–*4 (M.D. Ga. Sept. 13, 2007) (applying *Bloodsworth* to find a plaintiff had exhausted administrative remedies under § 405(g) where the plaintiff was denied a request for hearing by the ALJ and MAC and where finding otherwise would leave the plaintiff without further recourse). However, the Court notes that Plaintiff, who bears the burden of establishing the Court's subject matter jurisdiction, neglected to cite this line of cases in either the Response or the Objection to Report. *See Somerville v. U.S. Dep't of Health & Hum. Servs.*, No. 6:24-cv-2185-JSS-NWH, 2025 WL 3900720, at *2 (M.D. Fla. Oct. 27, 2025) ("The party seeking to invoke the court's jurisdiction 'has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction.'" (quoting *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085–86 (11th Cir. 2010))). Although the Court harbors some skepticism that these cases apply to the given circumstances, the Court finds that it lacks subject matter jurisdiction over this matter under § 405(g) regardless of whether such cases apply.

namely, payment for his CPAP machine and supplies—by asking that the district court enjoin HHS from continuing to deny him coverage, declare that he is entitled to coverage, and order a hearing for him to challenge the denial of coverage." 2025 WL 2080887, at *4.

Moreover, in the SAC, Plaintiff describes having successfully utilized the Medicare claims review process to challenge the Secretary's denial of the 2024 Claim. (*Id.* ¶¶ 151–55). Plaintiff has nevertheless brought his action because Plaintiff does not wish to utilize this process to challenge any possible future denials, as "the claim denial and appeal process would only resolve that one claim" and "would not resolve Defendant's continuous violation of Plaintiff's . . . right to receive . . . CPAP [M]edicare benefits." (*Id.* ¶¶ 136–37).

However, as the Eleventh Circuit highlighted in the Appeal, § 405(g) contains a nonwaivable presentment requirement whereby "a claim for benefits must [first] be presented to the Secretary" before administrative exhaustion can occur. *Bishins*, 2025 WL 2080887 at *5 (citing *Heckler*, 466 U.S. at 617). In *Heckler*, the Supreme Court considered the claim of a patient who had not yet undergone the surgery for which he sought to secure payment of Medicare benefits. 466 U.S. at 620. The Court noted that judicial review as to such a claim could only produce an impermissible "advisory opinion." *Id.* at 621–22. The Court thus held that it lacked jurisdiction over the claim, as the patient had "not given the Secretary an opportunity to rule on a concrete claim for reimbursement," and thus had not met the presentment requirement. *Id.* at 622.

15

The D.C. Circuit applied this ruling in a case very similar to the case at bar, *Porzecanski v. Azar*, 943 F.3d 472 (D.C. Cir. 2019). Therein, a Medicare claimant sought reimbursement as to a single claim for benefits that had been properly channeled through the administrative exhaustion requirements, but also sought "prospective equitable relief" essentially requiring that Defendant recognize his treatment was covered as to future claims. *Id.* at 474. The district court determined it could not issue the requested equitable relief, and the D.C. Circuit affirmed, reasoning as follows:

> Porzecanski cannot satisfy § 405(g)'s presentment requirement with respect to future claims because those claims have not yet arisen. Under the Medicare scheme, a claim can be filed "only after the medical service for which payment is sought has been furnished." *Heckler*, 466 U.S. at 621. Moreover, § 405(g) contemplates appeals from "decision[s]" of the Secretary. Here, the Secretary has not decided Porzecanski's future claims because—to state the obvious—none has been submitted. Porzecanski attempts to avoid this conclusion, arguing that he does not in fact seek "a declaration of entitlement to Medicare benefits on specific future claims," even as he admits his requested relief would "preclud[e] the agency from applying its invalidated conclusions that the treatments for his rare condition are not a Medicare-covered benefit and not medically necessary."
>
> Porzecanski's strained position is at odds with Supreme Court precedent . . . . [which] directly foreclose[s] Porzecanski's attempt to recast the requested relief as anything other than a claim for future benefits.

*Id.* at 482–83 (citations cleaned up).

Plaintiff's claims for relief suffer the same fate. Plaintiff anticipates and "understandably wants to [avoid a possible] cycle of initial denials and agency appeals" as to his claims regarding his CPAP equipment. *Id.* at 482. Yet,

"occasional individual, delay-related hardship" does not override "the judgment of Congress" encapsulated in the Medicare Act. *Id.* (quoting *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 13 (2000)). As is demonstrated by Plaintiff's successful appeal as to the 2024 Claim, Plaintiff is not without recourse, but that recourse requires proceeding through the administrative process Congress has prescribed. Thus, Plaintiff "must present and exhaust each of his future benefit claims" as they arise. *Id.* As a result, the Court finds that the Magistrate Judge did not commit clear error in recommending dismissal based upon Plaintiff's failure to meet the jurisdictional prerequisites of 42 U.S.C. § 405(g). However, the Court modifies the Report to include this additional analysis of the issue.

Moreover, because the deficiencies identified herein cannot be remedied on repleader, the Magistrate Judge was correct to deny leave to file an amended version of the SAC to cure such deficiencies. The Court, however, respectfully disagrees with the Report's recommendation that this matter be dismissed with prejudice, as a "dismissal for lack of subject matter jurisdiction is 'entered without prejudice.'" *Somerville*, 2025 WL 3900720, at *2 (alteration adopted) (quoting *Yeh Ho v. Sabocik*, 775 F. App'x 551, 555 (11th Cir. 2019)). Thus, the Court rejects only this portion of the Report, sustains the relevant portion of the Objection to Report, and dismisses the case without prejudice.

Finally, the Court considers Plaintiff's most recent motions to amend the SAC to file new and different causes of action. The Court notes that following the issuance of the Report, Plaintiff's Third Motion to Amend was arguably rendered

moot by Plaintiff's filing of the Fourth Motion to Amend, wherein Plaintiff sought to proceed on an entirely different iteration of the complaint. (*Compare* Doc. 35, *with* Doc. 45). In any case, considering both that Plaintiff has already had two opportunities to amend the complaint and that the Court finds that the proposed amendment would be futile, the Magistrate Judge's recommended denial of the Third Motion to Amend is due to be adopted. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) (noting a court properly denies leave to amend on grounds of futility when "the complaint as amended is still subject to dismissal." (quoting *Burger King Corp. v. Weaver,* 169 F.3d 1310, 1320 (11th Cir. 1999))); *Bishins*, 2025 WL 2080887, at *8 (affirming dismissal without leave to replead of Plaintiff's second amended complaint in the First Suit after finding futility of amendment and also noting that "Bishins is a licensed attorney, and he has already amended his complaint once"). Finally, and for the same reasons, the Court cannot find that the Magistrate Judge Order denying the Fourth Motion to Amend was clearly erroneous or was contrary to law. *See* FED. R. CIV. P. 72(a); (Doc. 46). Consequently, Plaintiff's Objection to Order is due to be overruled. (Doc. 47).

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Objection to the Report and Recommendation (Doc. 44) is **SUSTAINED IN PART** and **OVERRULED IN PART**.

    a.    The Court **SUSTAINS** Plaintiff's objection to the portion of the Report that recommends dismissal with prejudice rather than dismissal without prejudice.

    b.    The Objection to the Report and Recommendation (Doc. 44) is **OVERRULED** in all other respects.

2.    The Report and Recommendation (Doc. 43), filed December 5, 2025, is **ADOPTED IN PART, MODIFIED IN PART**, and **REJECTED IN PART**.

    a.    The Court respectfully **REJECTS** the Report's recommendation that the case be dismissed with prejudice.

    b.    The Court **MODIFIES** the Report's analysis of the Court's lack of subject matter jurisdiction under 42 U.S.C. § 405(g) by supplementing it with the Court's analysis of this issue in Section III of this Order.

    c.    The Court **ADOPTS** the Report in all other respects.

3.    Defendant's Motion to Dismiss (Doc. 23) is **GRANTED**.

4.    Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

5.    Plaintiff's Second Motion to File Supplemental Pleading Third Amended Complaint (Doc. 35) is **DENIED**.

6.    The Clerk of Court is **DIRECTED** to terminate any pending deadlines and close the case.

19

7.    Plaintiff's Objection to the Magistrate Judge's December 26, 2025

Order (Doc. 47) is **OVERRULED**.

**DONE AND ORDERED** in Orlando, Florida on March 18, 2026.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

20